**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL JOHNSON,

                Plaintiff,

    v.                                      1:24-cv-01497 (AMN/DJS)

U-HAUL COMPANY OF NEW YORK AND
VERMONT, INC.,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LAW OFFICE OF JOSHUA PEPPER, PLLC**<br>30 Wall Street – 8th Floor<br>New York, New York 10005<br>*Attorneys for Plaintiff* | JOSHUA PEPPER, ESQ. |
| **BOND, SCHOENECK & KING, PLLC**<br>268 Broadway – Suite 104<br>Saratoga Springs, New York 12866 | MICHAEL D. BILLOK, ESQ. |
| 22 Corporate Woods Boulevard – Suite 501<br>Albany, New York 12211<br>*Attorneys for Defendant* | REBECCA J. LAPOINT, ESQ. |

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

On December 10, 2024, Michael Johnson ("Plaintiff") commenced this action against the U-Haul Company of New York and Vermont, Inc. ("Defendant") alleging claims for retaliation and discrimination under New York and federal law in connection with his employment at Defendant. Dkt. No. 1 ("Complaint").

Presently before the Court is Defendant's motion to compel arbitration pursuant to the

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA").  Dkt. No. 8 ("Motion").  Plaintiff submitted responsive papers in opposition, Dkt. Nos. 15-16, and Defendant filed reply papers in further support, Dkt. No 19.  For the reasons set forth below, the Motion is granted.

## II. BACKGROUND[1]

### A. The Parties

Plaintiff "is a Black Jamaican-American."  Dkt. No. 1 at ¶ 8.  Defendant is a business that rents moving trucks and storage units to customers.  *Id.* at ¶¶ 9, 24.

### B. Plaintiff's Allegations

Plaintiff alleges that he began working for Defendant "on or about" May 23, 2022.  *Id.* at ¶ 10.  His responsibilities were to clean and park moving trucks that customers returned.  *Id.*

Soon after Plaintiff began working for Defendant, he alleges that a supervisor discriminated against him.  *Id.* at ¶¶ 12-14.  Plaintiff and his wife both complained about the supervisor's conduct to Plaintiff's manager.  *Id.* at ¶¶ 15-17.  Plaintiff alleges that, after he refused to withdraw his complaint against the supervisor, the manager fired him "[o]n or about" May 30, 2022.  *Id.* at ¶¶ 18-20.  Plaintiff claims various damages as a result.  *Id.* at ¶¶ 21-23.

Plaintiff also alleges that he rented a storage unit from Defendant, and that Defendant applied certain of his "pay to money that Plaintiff owed for the storage unit."  *Id.* at ¶¶ 24-26.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission on October 18, 2022, and received a notice of right to sue on or about September 24, 2024.  *Id.* at ¶¶ 27-28.

Plaintiff asserts twelve claims for discrimination and retaliation under state and federal law.

---

[1] Unless otherwise indicated, the following facts have been asserted by the parties in their submissions.  *See generally* Dkt. Nos. 1, 8, 15-16, 19.

*Id.* at ¶¶ 29-82.

### C. Defendant's Submission

According to a declaration from Defendant's assistant secretary, Defendant offers a "Hire Fast, Pay Fast" program that "involves a two-day hands-on interview," for which "the applicant receives payment in consideration for the extended interview time." Dkt. No. 8-1 at ¶¶ 4-5. Defendant's business records indicate that Plaintiff participated in this program on May 24 and 25, 2022. *Id.* at ¶ 6. Defendant claims that Plaintiff signed an invoice at the end of each day in order to receive payment. *Id.* at ¶ 7.

Defendant submits those invoices. *Id.*; *see also* Dkt. No. 8-2. The invoices are dated May 24 and 25, 2022, list Plaintiff's name, and contain an electronic signature that appears to be Plaintiff's. Dkt. No. 8-2 at 2-3.[2] Each invoice also prominently states that "I agree to submit all *legal* claims in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from my local U-Haul representative." *Id.*

Defendant provides a copy of the referenced U-Haul Arbitration Agreement ("Agreement"). Dkt. No. 8-1 at ¶ 8; Dkt. No. 8-3. In relevant part, the Agreement states that "any dispute, complaint, controversy, or cause of action arising out of or relating to your relationship with U-Haul . . . brought under any legal theory, whether at law or in equity, are covered by this Agreement" and "shall not be pursued in court . . . but shall be decided by binding arbitration administered by either the National Arbitration and Mediation . . . or the American Arbitration Association[.]" Dkt. No. 8-3 at 2.

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

### D. Plaintiff's Affidavit

Plaintiff submits a short declaration in response to the Motion. Dkt. No. 15. He acknowledges that he "began working for Defendant around May 23 or 24, 2022." *Id.* at ¶ 2. He states that he does "not recognize" the invoices and Agreement, does "not recall ever seeing them before," and does "not recall signing anything." *Id.* at ¶¶ 4-6. Plaintiff further states that the electronic signature on the invoices "does not appear to be my handwriting." *Id.* at ¶ 7.

### III. STANDARD OF REVIEW

The "overarching purpose" of the FAA "is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011); *see also Ross v. Am. Express Co.*, 547 F.3d 137, 142 (2d Cir. 2008). Under Section 4 of the FAA, "a party may move to compel arbitration in accordance with an arbitration agreement." *Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 115 (2d Cir. 2025) (citing 9 U.S.C. § 4). Courts "ordinarily answer four questions in this inquiry: (1) whether the parties agreed to arbitrate; (2) the 'scope' of the arbitration agreement; (3) whether the plaintiff's federal statutory claims are 'nonarbitrable'; and (4) if some, but not all of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration." *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 221-22 (2d Cir. 2019) (quoting *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004)).

As to the threshold issue, "[w]hether the parties have agreed to arbitrate is generally a question of state contract law." *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 702 (2d Cir. 2023) (citing *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 27 (2d Cir. 2002)). The party moving to compel "arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made." *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50 (2d Cir. 2022) (quoting *Hines v.*

4

*Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010)). The burden then shifts to the non-moving party "to counter with at least '*some evidence* . . . to substantiate [her] denial' that an agreement had been made." *Id.* (alterations in original) (first quoting *Interocean Shipping Co. v. Nat'l Shipping & Trading Corp.*, 462 F.2d 673, 676 (2d Cir. 1972); and then citing *Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins. Co.*, 263 F.3d 26, 30 (2d Cir. 2001)).

Finally, when deciding motions to compel arbitration, "courts apply a 'standard similar to that applicable for a motion for summary judgment,' that is, courts 'must consider all relevant, admissible evidence submitted by the parties' and must 'draw all reasonable inferences in favor of the non-moving party.'" *Davitashvili*, 131 F.4th at 115 (quoting *Nicosia v. Amazon.com*, 834 F.3d 220, 229 (2d Cir. 2016)).

## IV. DISCUSSION

Defendant argues that (i) the parties agreed to arbitrate; (ii) the Agreement encompasses all of Plaintiff's claims; (iii) his federal statutory claims are arbitrable; and (iv) this action should be dismissed if arbitration is compelled. Dkt. No. 8-4 at 5-8.

Plaintiff only challenges Defendant's first and final arguments. Dkt. No. 16 at 5-6. As to the former, Plaintiff contends that he did not agree to arbitrate because he "does not recall signing the alleged arbitration agreement, and the [electronic] signature is not in his handwriting." *Id.* at 5. As to the latter, Plaintiff contends that recent Supreme Court precedent requires that the case be stayed, not dismissed, if the Court compels arbitration. *Id.* at 6 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024)).

In reply, Defendant first argues that Plaintiff has conceded the remaining elements of the arbitrability inquiry that he did not oppose. Dkt. No. 19 at 4-5 (collecting cases). The Court agrees and finds each of these elements satisfied. *See, e.g., Curry Mgmt. Corp. v. JPMorgan Chase Bank,*

5

*N.A.*, 643 F. Supp. 3d 421, 426 (S.D.N.Y. 2022) ("A party may be deemed to concede an argument by failing to address it in an opposition brief.") (citation omitted); *Davitashvili*, 131 F.4th at 115; Dkt. No. 8-2 at 2-3; Dkt. No. 8-3; *Abdullayeva*, 928 F.3d at 222 ("Under governing New York law, agreements must be 'construed in accord with the parties' intent.'") (quoting *Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 569 (2002));[3] *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 102 (2d Cir. 2022) ("In determining whether an offeree is on inquiry notice of contract terms, New York courts look to whether the term was obvious and whether it was called to the offeree's attention.") (quoting *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288 (2d Cir. 2019)); *Wenchun Zheng, Ph.D. v. Gen. Elec. Co.*, No. 15-cv-1232, 2016 WL 3212092, at *3 (N.D.N.Y. June 9, 2016) (collecting cases finding federal and state discrimination claims arbitrable).

Defendant next argues that it has carried its burden to demonstrate that the parties agreed to arbitrate, and that Plaintiff's vague denials are insufficient to find otherwise. Dkt. No. 19 at 5-8. The Court again agrees. Defendant has submitted the electronically signed invoices and the referenced Agreement as evidence that Plaintiff agreed to arbitrate. Dkt. No. 8-2 at 2-3; Dkt. No. 8-3. In response, as Defendant correctly notes,

> Plaintiff is careful to say that he does not recall signing the relevant documents at issue in this matter, does not recall seeing these documents before, and that the signatures on these documents do not appear to be his. Critically, Plaintiff does not state that he not seen the documents, that he did not sign them, or that the signatures are not his.

Dkt. No. 19 at 4. The Second Circuit recently reiterated that "[w]here a party merely states that she cannot *recall* signing an agreement (as opposed to *denying* she has done so), such a declaration ordinarily fails to create a triable issue of fact." *Barrows*, 36 F.4th at 51 (first citing *F.D.I.C. v.*

---

[3] Defendant argues that New York law applies, Dkt. No. 8-4 at 6, and Plaintiff, who has brought numerous claims under New York law, *see, e.g.,* Dkt. No. 1 at ¶¶ 47-64, does not argue otherwise, *see generally* Dkt. No. 16.

6

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 205 F.3d 66, 75 (2d Cir. 2000); and then citing *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 528 (S.D.N.Y. 2015)). Plaintiff's vague denials here fail to raise a genuine dispute of fact. *Id.* at 50; *see also Perez v. Ruby Tuesday, Inc.*, No. 16-cv-795, 2019 WL 355637, at *4 (N.D.N.Y. Jan. 28, 2019) ("Upon review of the submissions, defendants have carried their burden of demonstrating that the parties agreed to arbitrate pursuant to the Agreement, a copy of which was electronically signed by [the plaintiff]. . . . [The plaintiff]'s self-serving refusal to acknowledge the fact of her signature on this document is insufficient to raise a genuine dispute of fact about this all-important threshold question.") (citations omitted); *Gonder*, 144 F. Supp. 3d at 528 ("[The plaintiff] does not allege that he *did not* sign such an agreement; but that he *does not recall* signing. A mere assertion that one does not recall signing a document does not, by itself, create an issue of fact as to whether a signature on a document is valid[.]") (citing *Vardanyan v. Close-Up Int'l, Inc.*, 315 F. App'x 315, 317 (2d Cir. 2009)). The Court thus finds that the parties agreed to arbitrate.

Finally, Defendant "concedes that the Supreme Court case cited in Plaintiff's opposition is controlling and that the Court should stay these proceedings" if the Motion is granted. Dkt. No. 19 at 8. Because Plaintiff has requested a stay, Dkt. No. 16 at 6, the Court agrees with this as well, *Spizzirri*, 601 U.S. at 478 ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."). Plaintiff's request for a stay pending arbitration is granted as a result.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to compel arbitration, Dkt. No. 8, is **GRANTED**; and the Court further

7

**ORDERS** that this action is **STAYED** pending arbitration; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2025
       Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge